FILED IN CHAMBERS
THOMAS W. THRASH JR.
U.S.D.C. Atlanta

FEB 2 6 2008

JAMES N. HATTEN, Clerk
By: /s/ Jewell   Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| GARY LEE YARBROUGH,<br>    Plaintiff, | : | PRISONER CIVIL RIGHTS<br>28 U.S.C. § 1331 |
| v. | : | |
| C. D. POOLE, Corrections Officer,<br>USP Atlanta, et al.,<br>    Defendants. | : | CIVIL ACTION NO.<br>1:08-CV-0338-TWT |

## ORDER and OPINION

Plaintiff, Gary Lee Yarbrough, currently an inmate at the United States Penitentiary (USP) in Florence, Colorado, has submitted this civil rights action that complains of matters that occurred at the USP in Atlanta, Georgia. The matter is before the Court on the complaint (Doc. No. 1) for preliminary screening under 28 U.S.C. § 1915A.

## I.  28 U.S.C. § 1915A Standard

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint against a governmental entity, employee, or official to determine whether the action: (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1) & (2).  A claim is frivolous

when it appears from the face of the complaint that the plaintiff "has little or no chance of success," i.e., "the factual allegations are clearly baseless," "the legal theories are indisputably meritless," or immunity bars relief. Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, _ U.S. _, _, 127 S. Ct. 1955, 1964-65 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . statement of facts that merely creates a suspicion [of] a legally cognizable right of action").

In reviewing whether a plaintiff has stated a claim, the court presumes the truth of a plaintiff's non-frivolous factual allegations, construing them favorably to the plaintiff. See Hunnings v. Texaco, Inc., 29 F.3d 1480, 1484 (11th Cir. 1994). Further, the court holds pro se pleadings to a less stringent standard than pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). The plaintiff, however, must allege facts sufficient to show a recognized legal claim, and the court cannot read

2

into a complaint non-alleged facts. Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992).

In order to state a Bivens[1] claim for relief against a federal officer, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States and (2) the act or omission was committed by a person acting under color of federal law. See Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995) (stating that § 1983 law generally applies to Bivens actions); see also West v. Atkins, 487 U.S. 42, 48 (1988) (defining § 1983 cause of action). Further, to be viable, a Bivens complaint must be brought within the applicable period of limitations, which for claims arising in Georgia is two years. Hawthorne v. Wells, 761 F.2d 1514, 1515 (11th Cir.1985). See also White v. Padgett, 475 F.2d 79, 82 (5th Cir. 1973) (holding that, when the expiration of the limitations period "clearly appears on the face of the complaint," the action is subject to dismissal for failure to state a claim). A complaint that does not pass the standard in § 1915A, "shall" be dismissed on preliminary review. 28 U.S.C. § 1915A(b).

---

[1] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 396-97 (1971) (holding that the violation of a person's constitutional rights by a federal official may give rise to a federal action under 28 U.S.C. § 1331).

3

## II. **Discussion**

In this civil rights action, filed on January 30, 2008, Plaintiff presents two counts. (Doc. No. 1 ¶¶ 44, 45.) The first count concerns an alleged beating that Plaintiff suffered on February 3, 2005, at the hands of Correctional Officer C. D. Poole and observed by other officials. (Id. ¶¶ 33-40, 44.) The second count complains of a pattern of harassment that he was subjected to at USP Atlanta from, on or around, early 2003 and continuing through, approximately, the date of the alleged beating. (Id. ¶¶ 15-40, 45.)

Any claims that arose prior to January 30, 2006, are barred by the applicable two-year statute of limitations. Accordingly, any claims regarding the alleged February 2005 beating or the preceding pattern of harassment are time barred. See Lovett, 327 at 1182-83. Plaintiff alleges no act or violation occurring after January 30, 2006. Accordingly, this action must be dismissed.

AO 72A
(Rev.8/82)

### III. Conclusion

For the reasons stated above,

**IT IS ORDERED** that this action be **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**IT IS SO ORDERED** this 26 day of February, 2008.

*Thomas W. Thrash*
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)